**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4002**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

RODNEY BERNARD BREWER, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:12-cr-00109-1)

Submitted:  June 6, 2017                                Decided:  July 21, 2017

Before TRAXLER, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, Rhett H. Johnson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Carol A. Casto, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Bernard Brewer, Jr., appeals the district court's order revoking his supervised release and sentencing him to a twenty-one month term of imprisonment. Brewer argues that in lieu of prison, the district court should have ordered him to participate in an outpatient drug treatment program. For the reasons that follow, we reject Brewer's argument and affirm the district court.

Under 18 U.S.C. § 3583(g), a district court must revoke supervised release and impose a term of imprisonment for a defendant who illegally possesses a controlled substance or tests positive for such substances more than three times in one year. Brewer has conceded that this provision applies to him. Appellant's Br. at 8–9.

With that said, 18 U.S.C. § 3583(d) directs the district court to "consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception" from the above-described mandatory revocation rule. Relying on 18 U.S.C. § 3583(d), Brewer asked the district court for the opportunity to participate in an outpatient drug treatment program (having been denied inpatient treatment opportunities due to his status as a convicted sex offender).

The district court denied this request, reasoning that outpatient treatment would be insufficient to restrain Brewer from endangering the community, and would potentially be inadequate to address Brewer's drug problems. Ultimately, the court sentenced Brewer to a twenty-one month term of imprisonment—i.e., the bottom of the applicable Sentencing Guideline imprisonment range.

"We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). "We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *Id.* (internal quotation marks omitted).

We conclude that the district court acted well within its discretion in sentencing Brewer to prison rather than directing him to an outpatient drug treatment program. The record in this case justifies the district court's position that Brewer posed a threat to community safety: Brewer had an extensive criminal history, serious drug problems, and a record of repeated violations of conditions of supervised release. It was therefore reasonable for the district court to send Brewer to prison, where he can be considerably restrained, instead of an outpatient drug treatment program, where he generally would not encounter strict supervision and structure.

Of note, the record also shows that Brewer continued to test positive for controlled substances even after his probation officer referred him to an outpatient drug treatment program in 2016. This evidence lends support to the district court's skepticism regarding the adequacy of outpatient treatment to solve Brewer's drug problems.

Accordingly, we affirm the district court's sentencing decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

3